[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 05, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-13142
Non-Argument Calendar

_____

D. C. Docket No. 02-00741-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SATURNINO LOPEZ ORTEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 5, 2003)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Saturnino Lopez Ortega appeals his sentence for illegal re-entry after

deportation, in violation of 8 U.S.C. § 1326. On appeal, Ortega argues that the

district court erroneously believed it lacked the authority to depart downward, and

further, that a downward departure was warranted in this case because United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 2L1.2(b)(1)(A) (2002), which provides for a sixteen-level increase in base offense level for re-entering after a prior felony conviction, does not adequately take into account the differences in severity between underlying prior felony convictions.[1] Upon review, we disagree with Ortega's argument and dismiss Ortega's appeal.

Ordinarily, a district court's refusal to grant a downward departure is unreviewable on appeal. *See United States v. Rudisill*, 187 F.3d 1260, 1265 (11th Cir. 1999). Such refusals are reviewable, however, if the district court refused a downward departure because of an erroneous belief that it lacked the authority to grant one. *Id.* Ortega argues that the statements made by the district court at his sentencing hearing evidenced its belief that it lacked authority to grant a downward departure.[2] For purposes of this appeal, we agree that the district court was ambiguous regarding its authority to grant a downward departure and resolve

---

[1] Ortega was indicted for illegal re-entry after deportation. He was previously deported after being convicted of selling or furnishing methamphetamine, a felony for which the sentence imposed exceeded 13 months.

[2] In declining to grant a downward departure, the district court stated: "I think one of the things you're saying to me is the guidelines just aren't right. And I, of course, have taken an oath to follow the guidelines . . . . I'm going to deny your motion for downward departure, recognizing that it would be in my discretion to do so."

2

that ambiguity in favor of Ortega.[3]  We next consider whether the district court's belief that it did not have the authority to depart downward was erroneous.

Under the Guidelines, a district court has the authority to depart downward only if it finds an aggravating or mitigating circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ." U.S.S.G. § 5K2.0 (2002).

Ortega argues that the Guidelines do not adequately take into account the differences in the severity among aggravated felonies, noting that a prior felony conviction for murder would be treated the same under U.S.S.G. § 2L1.2 as a prior felony conviction for a drug trafficking offense.  We disagree, finding that the Guidelines do take into account differences between aggravated felonies.

Prior to 2001, U.S.S.G. § 2L1.2 increased the base offense level by sixteen levels for a prior conviction of an aggravated felony.  *See* U.S.S.G. § 2L1.2 (2000).  The commentary to this section noted that "[a]ggravated felonies that trigger the [aggravated felony adjustment] vary widely . . . .[such that] a downward

---

[3] While the government argues that the district court was not ambivalent about its authority to depart, we find that the two statements by the district court–on one hand, that it was obligated to follow the guidelines, and on the other hand that it had discretion to depart downward–were ambiguous as to its authority.  Where, as here, the district court's statements reflect an ambiguity concerning its ability to depart, we resolve the ambiguity in favor of the defendant.  *See United States v. Webb*, 139 F.3d 1390, 1395 (11th Cir. 1998).

3

departure may be warranted based on the seriousness of the aggravated felony." U.S.S.G. § 2L1.2, cmt. n.5 (2002).

In 2001, § 2L1.2 was amended to provide for various base-level enhancements according to the type of prior felony conviction involved. *See* U.S.S.G. § 2L1.2 (2001) (applying base-level enhancements ranging from eight levels for a general aggravated felony to sixteen levels for any of seven enumerated felonies, including "a drug trafficking offense for which the sentence imposed exceeded 13 months"). According to the Sentencing Commission, this amendment intended to alleviate the disproportionate penalties that resulted from the breadth of "aggravated felonies" by classifying aggravated felonies along a graduated sentencing enhancement scheme. *See* U.S.S.G. app. C., amend. 632 (2001).

While the Sentencing Commission determined that it was not fair for someone convicted of simple assault to receive the same increase as someone convicted of murder, it also determined that a drug trafficking crime for which the sentence exceeded thirteen months was serious enough to warrant a sixteen level enhancement. *See* U.S.S.G. § 2L1.2 (2001). Because the mitigating circumstance that Ortega seeks to apply was adequately taken into account by the Sentencing Commission in formulating the 2001 amendment to § 2L1.2, the district court did

4

not have the authority to depart downward based on this factor. *See* U.S.S.G. § 5K2.0.[4]

Because the district court did not erroneously believe that it lacked authority to depart downward, its refusal to depart is unreviewable on appeal. *See Rudisill*, 187 F.3d at 1265. Accordingly, we **DISMISS** this appeal.

---

[4] It is worth noting that the Sentencing Commission specifically deleted the application note included in the 2000 Sentencing Guidelines that previously allowed for downward departures based upon seriousness of the aggravated felony. *Compare* U.S.S.G. § 2L1.2 background (2000) *with* U.S.S.G. § 2L1.2 background. (2001).