KRAVITCH, Circuit Judge,
concurring in part and dissenting in part:
I concur in Part 1 of the majority opinion and agree that the district court correctly applied the terrorism enhancement to Mandhai's sentence for his conviction based on a conspiracy to destroy a building used in interstate commerce. I also agree that the district court erred by granting a downward departure under U.S.S.G. § 5K2.0 on the basis that Mandhai committed an inchoate crime. I disagree, however, that the facts take this case outside of the Sentencing Guidelines' heartland. Moreover, in my view, we lack jurisdiction to remand for the district court to consider alternative bases for a downward departure. Therefore, I respectfully dissent from the last portion of Part 2 of the majority opinion.
The majority believes this case is outside the guidelines' heartland, and, thus, a downward departure is appropriate for several reasons. These reasons include: (1) other members of the conspiracy, including the "main engine driving the conspiracy," were not charged with any crime;[1] (2) Mandhai "had second *1251 thoughts,” but was kept in the conspiracy by “seasoned adults;”[2] and (3) Mandhai “withdrew after being confronted by government agents.”[3] (Maj. Op. at 1250.) Based on these factors, the majority concludes that the case is outside of the guidelines’ heartland because “the 12 level increase to Mandhai’s offense level required by the terrorism enhancement prevents the penalty from fitting the crime.” (Id.) The district court, however, explicitly considered all of the factors raised by the majority, as well as many others, and refused to grant a downward departure for any of these reasons. As a result, we do not have jurisdiction to remand for the district court to consider a downward departure on the proffered bases.
A district court’s refusal to grant a downward departure is ordinarily unre-viewable on appeal. United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir.2003) (per curiam); United States v. Torrealba, 339 F.3d 1238, 1247 (11th Cir.2003); United States v. Liss, 265 F.3d 1220, 1230 (11th Cir.2001); United States v. Rudisill, 187 F.3d 1260, 1265-66 (11th Cir.1999). An exception exists where the district court believed it lacked the authority to depart. United States v. Brenson, 104 F.3d 1267, 1286 (11th Cir.1997). But, when the district court understands its discretionary power and denies a downward departure, this court has no jurisdiction to review the district court’s denial. United States v. Harness, 180 F.3d 1232, 1237 (11th Cir.1999).
Here, the record shows that the district court knew it had the authority to grant a downward departure on many bases, including those suggested by the majority. At the sentencing hearing, defense counsel argued that a downward departure was appropriate because Mandhai was young, he withdrew from the conspiracy, his intent was speculative, the government overreached in its use of government agents, and the guidelines’ sentence was excessive for the crime.[4] (See Sentencing Hearing Tr. at 9-12.) In response to these arguments, the district court stated:
*1252 The other request for a downward departure that he is less culpable, that he voluntarily withdrew from the conspiracy, his age, that he was incapable of committing the crime, Government overreaching, and the other arguments, are arguments that I have the discretion either individually or jointly or combining them together to do a downward departure, but I don’t think that either individually or as a composite that they are outside the heartland of cases, and that they would warrant the Court’s exercising discretion, and I decline the request for a downward departure.
(Sentencing Hearing Tr. at 19.)[5] Thus, the district court recognized that it had authority to grant a downward departure based on, inter alia, Mandhai’s age, ambivalence about committing the crime, and the government’s use of agents, but specifically refused to exercise that discretion. Because we lack jurisdiction to review that decision, I would affirm the district court’s imposition of the terrorism enhancement, reverse the grant of a downward departure under U.S.S.G. § 5K2.0, and remand with instructions to impose a sentence consistent with that reversal.

. The fact that other members of the conspiracy were not charged with a crime is irrelevant to whether this case is outside the guidelines' heartland. As the majority recognizes, the prosecutor has discretion in deciding who *1251 to charge with a crime. The prosecutor's failure to charge Gilbert with a crime does not, and cannot, take Mandhai's case outside of the guidelines' heartland.

. The district court specifically found that "had the Government authorities provided Mr. Mandhai with weapons of mass destruction, ... he would have wanted to use them, and ... had Mr. Mandhai contacted some other terrorist instead of a Government agent, ... a tragedy would have occurred.” (Sentencing Hearing Tr. at 22.) Thus, the district court rejected the argument that Mandhai’s "second thoughts” would have prevented him from committing a tragic crime. There is no suggestion that this factual finding is clearly erroneous.

. The mere fact that government agents were involved does not take this case outside of the guidelines' heartland. Defendants are frequently convicted and sentenced even though their convictions were made possible by the use of government agents. See, e.g., United States v. Puche, 350 F.3d 1137 (11th Cir.2003) (affirming the conspiracy conviction of the defendant and remanding for resentencing on a basis unrelated to this case).

.The factors discussed by the majority as taking this case outside the guidelines’ heartland were argued by Mandhai's counsel and were rejected by the district court. First, regarding Mandhai's "second thoughts,” Mandhai's counsel argued: "[TJhey are in and out of this conspiracy. They are agreeing. They are disagreeing. There is nothing firm with regard to what the ultimate outcome is going to be.” (Sentencing Hearing Tr. at 10.) Second, with regard to Mandhai’s withdrawal, Mandhai's counsel argued: "He talked about blowing some stuff up. He drove around with them when they took the pictures. And then he quit. He said I am not doing it.” (Id. at 12.) Thus, Mandhai raised the factors that the majority believes warrant a downward departure, and the district court rejected them.

. The majority also remands because "there was no reason or opportunity to advance other grounds [for a downward departure] that are available [under the facts of this case].” (Maj. Op. at 1245.) Given the extensive number of bases upon which Mandhai argued that a downward departure was appropriate at his sentencing hearing, it is difficult to fathom what new bases Mandhai could bring to the district court's attention on remand. Moreover, Mandhai certainly had a reason to advance as many grounds as possible-to receive as large a downward departure as possible. Mandhai had ample opportunity to make such arguments and, as shown above, he made them.
In addition, the majority remands this case because "a sentence range of 188 to 235 months is excessive for the crime Mandhai committed.” (Maj. Op. at 1250.) Regardless of one’s view of a particular sentence imposed under a guideline, a court is required "to impose a sentence within the guideline, whether the guideline sentence sits well with it or not.” United States v. Onofre-Segarra, 126 F.3d 1308, 1311 (11th Cir.1997).