[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16962
Non-Argument Calendar

_____

D. C. Docket No. 05-60177-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBER LAZARO LEZCANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Huber Lazaro Lezcano appeals his 21-month sentence for fraudulent use of

an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2). On appeal, Lezcano challenges his sentence, arguing (1) that the district court abused its discretion by determining that it would not grant a downward departure pursuant to U.S.S.G. § 4A1.3(b) and (2) that his sentence was unreasonable in light of 18 U.S.C. § 3553(a). After review, we affirm.

Lezcano first argues that the district court acted unreasonably by denying his motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b). He argues that his criminal history category over-represented the seriousness of his past crimes because: (1) his prior convictions never resulted in significant prison terms; (2) he had "never scored out to an enforced advisory prison sentence" under Florida's guideline scoring system; (3) he had been sentenced to time-served for a majority of his crimes; (4) his past crimes were unsophisticated and related to his drug addiction; and (5) after committing 3 offenses when he was 18, he "resisted a criminal lifestyle" for 6 years. He claims that his sentences from his prior convictions reflect that he was not considered a career offender, and the State of Florida did not perceive him to be a significant risk for recidivist behavior. He further argues that, in light of the fact that his prison sentence would assist him in overcoming his drug dependence, there was little reason to believe that he would reenter a life of crime and engage in recidivist behavior once he completed his

2

sentence.

We do not normally review the district court's denial of a downward departure, except in cases where the district court incorrectly believed that it did not have authority to depart. United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir. 2003). After Booker, we continue to lack jurisdiction to review the decision of a district court not to apply a downward departure. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (reaffirming this court's lack of jurisdiction to review a district court's decision not to depart downward).

Because the district court here recognized that it had the authority to depart, but chose not to based on the timing and pattern of Lezcano's prior offenses, we may not review the district court's denial of Lezcano's motion for a downward departure pursuant to § 4A1.3(b). Id.

Lezcano also argues that the district court was "unreasonable" in finding that the seriousness of his criminal history category was not over-represented. In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide needed correctional treatment; (4) the applicable guideline range; (5) the

3

pertinent Sentencing Commission policy statements; and (6) the need to avoid unwarranted sentencing disparities.  <u>See</u> 18 U.S.C. § 3553(a)(1)-(7).

A district court need not, however, explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable.  <u>See</u> <u>e.g.</u>, <u>United States v. Scott</u>, 426 F.3d 1324, 1330 (11th Cir. 2005) ("We now . . . hold that nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").  Here, the district court explicitly acknowledged that it had considered the parties statements, the PSI, and the § 3553(a) factors, before imposing Lezcano's sentence.  Because the imposition of Lezcano's sentence reflected consideration of several of the relevant factors under § 3553(a), Lezcano's sentence was not unreasonable.   Accordingly, we affirm.

**AFFIRMED**