[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11214
Non-Argument Calendar

_____

D. C. Docket No. 05-14061-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO TIU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 27, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Francisco Tiu appeals his 57-month sentence for illegal re-entry

into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). At his sentencing hearing, Tiu moved for a downward departure, pursuant to U.S.S.G. § 4A1.3(b), on the basis that his criminal history category over-represented his criminal history. Specifically, Tiu asserted that his prior criminal activity had been limited to only an 18 to 20-month time period. The district court denied his motion, noting that the repetition of offenses during a short period of time weighed against granting a downward departure. However, the district court did sentence Tiu to the low end of the applicable guideline range of 57 to 71 months imprisonment, after considering the factors listed in 18 U.S.C. § 3553(a).

On appeal, Tiu argues that the district court's denial of his motion for a downward departure was premised on a misapprehension of its authority to grant a departure. Alternatively, Tiu argues that the district court's reasoning was ambiguous, to the extent that remand is necessary to clarify its ruling. Tiu further asserts that his sentence was unreasonable in light of the § 3553(a) factors because it was greater than necessary for achieving statutory goals.

## I.

We do not normally review the district court's denial of a downward departure, except in cases where the district court incorrectly believed that it did not have the authority to depart. *United States v. Ortega*, 358 F.3d 1278, 1279

(11th Cir. 2003). "Where . . . the district court's statements reflect an ambiguity concerning its ability to depart, we resolve the ambiguity in favor of the defendant" and review the court's downward departure decision. *Id.*, at 1279 n.3. However, "we assume the sentencing court understood it had authority to depart downward" when the record does not indicate any ambivalence. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir.1999). After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we continue to lack jurisdiction to review the decision of a district court not to apply a downward departure. *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

Because the record demonstrates that the district court recognized that it had the authority to depart, we will not review the district court's denial of Tiu's motion for a downward departure. *See Winingear*, 422 F.3d at 1245.

## II.

Following the *Booker* decision, we have stated that the district court first must correctly calculate the defendant's guideline range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed

3

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .; (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 259-61, 125 S. Ct. at 764-66. "Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence within the advisory guideline range is not *per se* reasonable, but is expected to be reasonable. *See id.*

Since the district court did consider the § 3553(a) factors, that is enough, and we conclude that Tiu's low-end sentence is not unreasonable. Accordingly, we affirm his sentence.

**AFFIRMED.**