[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13916
Non-Argument Calendar

_____

D. C. Docket No. 06-00125-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIN BERNARD FLOWERS,
a.k.a. Nob,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 1, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Delvin Bernard Flowers appeals his 141-month sentence, imposed

after he pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(C). Flowers makes two arguments on appeal. First, he contends that the district court erred by enhancing his sentence four levels under U.S.S.G. § 3B1.1(a) for a leadership role in the offense. Flowers argues that there was no evidence that he supervised five or more participants, directed or procured the aid of underlings, or that his status was anything more than that of a supplier or distributor. Second, Flowers argues that the district court erred because, once Flowers challenged his prior convictions at sentencing, the court should have directed the government to meet its burden of showing that Flowers's convictions were not misdemeanors, as Flowers had argued they were. Further, he argues that, but for the error, the district court would have departed for substantial assistance from a criminal history category II rather than III.

## I.  Leadership Role under § 3B1.1(a)

"A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the

offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

The Sentencing Guidelines provide for an increase in the offense level based on the defendant's aggravating role in the offense. U.S.S.G. § 3B1.1. A four-level increase is applied if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In making the role-enhancement determination, the district court should consider several factors, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). "In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." *Id.*, comment. (n.3).

"[S]ection 3B1.1(a)'s plain language requires *both* a leadership role *and* an extensive operation." *United States v. Yates*, 990 F.2d 1179, 1181 (11th Cir. 1993). It requires "the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership," and a mere "seller/buyer relationship" or the defendant's status as a supplier is insufficient to justify imposition of an upward departure under § 3B1.1(a). *Id.* at 1182 (quoting *United*

3

*States v. Brown*, 944 F.2d 1377, 1385 (7th Cir. 1991)).

An "otherwise extensive" operation does not require a set number of criminally responsible participants. *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994). However, to demonstrate that the defendant occupied a leadership role under the "otherwise extensive" standard, "there must be at least one participant in addition to the defendant." *Id.* at 1045, n.8.

The record shows that Flowers was more than a mere supplier. He exercised decision-making authority and had a high degree of participation in the conspiracy, as well as extensive control and authority over others in what the district court properly found to be an "otherwise extensive" drug distribution conspiracy. The district court, therefore, did not commit clear error in imposing a four-level enhancement to Flowers's offense level based on his role in the conspiracy under U.S.S.G. § 3B1.1(a).

## II. Criminal History Calculations

We review issues raised for the first time on appeal using the plain error standard. *United States v. Olano*, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776, (1993). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776.

Section 4A1.1 of the Sentencing Guidelines states, in part, that to determine

4

a criminal history category: (a) three points are added for each prior sentence of imprisonment exceeding one year and one month; (b) two points are added for each prior sentence of at least 60 days' imprisonment; and (c) one point is added "for each prior sentence not counted in (a) or (b), up to a total of [four] points for this item." U.S.S.G. § 4A1.1(a)-(c). "Prior sentence" means "any sentence previously imposed upon adjudication of guilt, . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "[W]hen a defendant challenges a factual basis of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir. 2006) (citation omitted).

Section 4A1.3(b)(1) states, in pertinent part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure *may* be warranted.

U.S.S.G. § 4A1.3(b)(1) (emphasis added). We do not normally review the district court's denial of a downward departure, except in cases where the district court incorrectly believed that it did not have the authority to depart. *United States v. Ortega*, 358 F.3d 1278, 1279 (11th Cir. 2003). "[W]e assume that the sentencing court understood it had authority to depart downward" when the record does not indicate any ambivalence. *United States v. Chase*, 174 F.3d 1193, 1195 (11th

5

Cir.1999).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not commit plain error in failing to direct the government to meet its burden of showing that Flowers's prior convictions were not in fact misdemeanors or in its calculation of Flowers's criminal history category. Because the issue of whether Flowers's past offenses were misdemeanors was never in dispute, and because the district court properly applied § 4A1.1(c) of the guidelines to Flowers's prior convictions, there was no plain error. Further, we conclude that the district court properly exercised its discretion to deny Flowers a downward departure.

For the aforementioned reasons, we affirm Flowers's sentence.

**AFFIRMED.**

6