[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10645
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00065-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEMENT MCDOWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 5, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Clement McDowell appeals his conviction and 96-month sentence for drug trafficking, in violation of 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

McDowell argues that insufficient evidence existed to convict him. Where, as here, a defendant fails to move for a judgment of acquittal at the close of all the evidence, "we will reverse his conviction[] only to prevent a manifest miscarriage of justice." United States v. Milkintas, 470 F.3d 1339, 1343 (11th Cir. 2006). "This standard requires a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id. (quotation omitted). To support a conviction for possession with intent to distribute under section 841(a)(1), the government had to establish (1) knowledge of possession; (2) possession of a controlled substance; and (3) intent to distribute. United States v. Woodard, 531 F.3d 1352, 1360 (11th Cir. 2008).

Here, testimony -- which was corroborated by a recorded conversation and video surveillance -- showed that (1) a confidential informant (CI) called McDowell about purchasing $500 worth of crack cocaine; (2) McDowell met the CI at the CI's residence (which was being surveilled by a police officer) with a

cooler; (3) McDowell allowed the CI to look through the cooler, which had drugs in it; (4) the CI gave McDowell money with one hand and received two plastic baggies in the other; and (5) after the transaction, the CI gave the police officer surveilling the transaction the crack cocaine he had just purchased. This evidence plainly was sufficient for a jury to find McDowell guilty of drug trafficking; and we conclude that his conviction was not a manifest miscarriage of justice.

None of McDowell's appellate arguments negate that the evidence sufficiently showed that he sold drugs to the CI. His arguments focus on other possible constructions of the evidence and the credibility of the CI. But the evidence need not exclude every reasonable hypothesis of innocence, and jurors are free to choose among reasonable constructions of the evidence. United States v. Mattos, 74 F.3d 1197, 1199-1200 (11th Cir. 1996). And all inferences and credibility determinations must be resolved in favor of the jury's verdict. United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998).

We now address McDowell's challenges to his sentence. He argues that his sentence -- which was 39 months below the low end of the applicable guidelines range -- is unreasonable because of several alleged guideline calculation errors. When reviewing a sentence, we must, in pertinent part, ensure that no procedural error occurred, such as the district court improperly calculating the guidelines,

basing a sentence on clearly erroneous facts, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to explain a variation from the guidelines. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008). We review "the district court's application of the sentencing guidelines de novo and its finding of fact for clear error." United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005).

McDowell argues that his base offense level should have been based on a lower drug quantity. He contends that only the purity of the crack cocaine from the transaction with the CI -- not its entire weight -- should be attributed to him and that the district court should not have included the additional crack cocaine "cookie" observed by the CI in McDowell's cooler because his possession of it was not proved beyond a reasonable doubt.

The district court committed no clear error in concluding that McDowell was responsible for at least 35 grams of crack cocaine.[1] Contrary to McDowell's argument that only the pure weight of the cocaine should be considered, the guidelines provide that "the weight of a controlled substance . . . refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1 n.A. And the government was not

---

[1]This amount came from the transaction with the CI, the additional crack cocaine cookie observed by the CI, and 21 grams of crack cocaine from a dismissed count. McDowell does not challenge the crack cocaine from the dismissed count.

4

required to prove McDowell's possession of the additional crack cocaine cookie beyond a reasonable doubt. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005) (when a defendant objects to a fact determination, such as drug quantity, "the government bears the burden establishing the disputed fact by a preponderance of the evidence").

And we conclude that the CI's approximation of the weight of the additional cookie was sufficiently accurate. See United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998) (sentencing cannot be based on calculations of drug quantities that are merely speculative). The CI -- who previously had been convicted of selling cocaine -- testified that the cookie weighed approximately 14 grams. McDowell also testified that there were a couple of bags of crack cocaine at the scene of the transaction. And the district court determined that the cookie had to weigh only 4.7 grams to reach the 35-gram cutoff for sentencing purposes. See U.S.S.G. § 2D1.1(c)(6).

McDowell argues that he should not have been given an obstruction of justice enhancement based on perjured testimony at trial because he did not willfully provide untruthful information; instead, he submits, his testimony was the product of confusion and faulty memory. We disagree. Obstruction of justice occurs -- and a two-level enhancement applies -- when, among other things, a

defendant provides "materially false information to a judge." U.S.S.G. § 3C1.1, comment. (n.4(f)). Material evidence is "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

At trial, McDowell testified that he went to the CI's house with an empty cooler to purchase drugs for his own personal use. This testimony was belied by the video of the transaction and the testimony of police officers and the CI; and the testimony was material on the issue of whether McDowell trafficked in drugs. Nothing evidences that McDowell's testimony was based on confusion, mistake, or faulty memory; and we see no clear error in the district court's application of the obstruction of justice enhancment.[2]

McDowell challenges the district court's refusal to grant him a downward departure based on diminished capacity, U.S.S.G. § 5K2.13. But the district court did not believe that it lacked authority to grant McDowell a downward departure on this basis, and we cannot review the district court's refusal to grant the departure. See United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir. 2003) (a

---

[2]We reject McDowell's argument -- raised for the first time on appeal -- that he was entitled to an acceptance of responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.4) (conduct that results in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"). And McDowell did not admit to his conduct: instead, he proceeded to trial where he testified that he did not sell crack cocaine to the CI.

district court's refusal to grant a downward departure is unreviewable on appeal unless the district court believed erroneously that it lacked the authority to grant a downward departure).[3]

The district court committed no error in its guidelines' calculations.

AFFIRMED.

---

[3]The district court noted that it had considered McDowell's documented history of mental and emotional problems along with other sentencing factors in section 3553(a) in sentencing McDowell below the guidelines range.