[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12432
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60275-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBIN CASIMIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2009)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Rubin Casimir appeals his 41-month sentence imposed after he pled guilty to

illegally re-entering the United States after having been previously deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm.

## I. BACKGROUND

In 2000, Casimir, a Haitian citizen, was deported from the United States after being convicted in South Carolina of distribution of crack cocaine and receiving a six-year sentence. In 2008, immigration officials detained Casimir when he arrived at Fort Lauderdale International Airport on a flight from Haiti. Casimir admitted that the lawful permanent resident card and Haitian passport he presented to the officials actually belonged to his brother.

Casimir's presentence investigation report ("PSI") assigned a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a), and a 16-level enhancement for Casimir's previous aggravated felony conviction, pursuant to § 2L1.2(b)(1)(A)(i). After a 3-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Casimir's total offense level was 21. With a criminal history category of II, Casimir's resulting advisory guidelines range was 41 to 51 months' imprisonment. Casimir did not object to the PSI's factual statements or guidelines calculations.

At sentencing, the district court confirmed the guidelines calculations and

2

the resulting advisory guidelines range of 41 to 51 months with the parties.

Casimir explicitly admitted the South Carolina drug trafficking conviction.

Casimir asked the district court to impose a sentence below the advisory guidelines

range. In mitigation, Casimir stated that he borrowed money to pay a ransom after

his two-year-old son was kidnapped in Haiti. In support, Casimir submitted a

handwritten copy of a Haitian police report. Casimir claimed that he had remained

in Haiti after his 2000 deportation and attempted to enter the United States in 2008

only after his son was kidnapped and he needed to find employment to repay his

lenders. Casimir pointed out that he had seven children to support and that his

wife was pregnant and unable to work.

The government argued that Casimir's kidnapping claim was a fabrication.

The government presented a copy of Casimir's sworn statement to immigration

officials after his arrest at Ft. Lauderdale Airport . In his statement Casimir

averred, <u>inter alia</u>, that (1) he initially re-entered the United States in the summer of

2007 by a cargo ship and worked at a farm picking fruit and at a photography

studio, and (2) in 2008 he used his brother's passport and permanent resident card

to return to the United States to see a doctor and find a job. Casimir's statement

did not mention his son's kidnapping.

The district court stated that it had considered the 18 U.S.C. § 3553(a)

3

factors. Regarding the nature and circumstances of the offense, the district court stated that it was difficult to determine whether the kidnapping Casimir described actually occurred, but that even assuming it took place, it did not justify Casimir's offense. The district court concluded that, after being deported, Casimir returned to the United States in 2007 and again in 2008 for economic reasons. The district court explained that his sentence needed to reflect the seriousness of the offense, promote respect for the law and deter others from trying to illegally reenter the United States. The district court also emphasized Casimir's previous drug trafficking conviction. The district court concluded that a sentence within the advisory guidelines range was appropriate and imposed a 41-month sentence, at the low end of that range. Casimir filed this appeal.

## II. DISCUSSION

### A. Reasonableness of 41-month Sentence

Casimir argues that his 41-month sentence is unreasonable. We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it

4

is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1] We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not commit a procedural sentencing error. The court explicitly stated that it considered the § 3553(a) factors and discussed several of those factors on the record. See United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009) ("While the district court must consider the § 3553(a) factors, it commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." (quotation marks omitted)). The district court also explicitly addressed Casimir's mitigation arguments based on his son's kidnapping. Accordingly, the district court's sentence is procedurally reasonable.

Casimir has not shown that his 41-month sentence, at the low end of the

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

advisory guidelines range and well below the statutory maximum of twenty years' imprisonment, is substantively unreasonable. Contrary to Casimir's assertions, the district court did not rely solely on the advisory guidelines range in arriving at an appropriate sentence. The district court explicitly stated that it considered all the § 3553(a) factors and discussed several of them, including the nature and circumstances of the offense, Casimir's history and the need to afford deterrence.

Additionally, we reject Casimir's argument that the application of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) created an unwarranted sentencing disparity. Section 2L1.2(b)(1)(A) takes into account differences between prior convictions by placing them along "a graduated sentencing enhancement scheme." United States v. Ortega, 358 F.3d 1278, 1280 (11th Cir. 2003) (citing U.S.S.G. App. C amend. 632); see also U.S.S.G. § 2L1.2(b)(1)(A)-(E) (providing for offense levels ranging from 4 levels to 16 levels depending upon the type of prior conviction). Furthermore, the Sentencing Commission "determined that a drug trafficking crime for which the sentence exceeded thirteen months was serious enough to warrant a sixteen level enhancement." Ortega, 358 F.3d at 1280; see also U.S.S.G. § 2L1.2(b)(1)(A)(i). Thus, we cannot say the 16-level enhancement for Casimir's drug trafficking conviction created an

6

"unwarranted" sentencing disparity requiring a downward variance.[2]

Casimir contends that the use of his prior drug trafficking conviction to determine both his offense level and his criminal history category, under U.S.S.G. §§ 2L1.2(b)(1)(A) and 4A1.1, respectively, rendered his sentence unreasonable. We disagree. The Sentencing Commission intended prior felony convictions to count in determining both the criminal history category and the offense level under § 2L1.2. See U.S.S.G. § 2L1.2 cmt. n.6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points."). Further, these two guidelines provisions serve different purposes. United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (explaining that the criminal history category serves "to punish likely recidivists more severely," and § 2L1.2(b)(1)(A) serves "to deter aliens who have been convicted of a felony from re-entering the United States"). As a result, the district court's use of Casimir's prior drug trafficking conviction to compute his criminal history score and his offense level did not render Casimir's sentence unreasonable.

---

[2]Casimir's argument that his sentence is unreasonable because the district court failed to take into account the availability of "fast track" early disposition programs in other districts is foreclosed by our precedent. See United States v. Vega-Castillo, 540 F.3d 1235, 1238-39 (11th Cir. 2008), cert. denied, 129 S. Ct. 2825 (2009) (concluding that district courts are prohibited from considering the disparities created by "fast track" programs in deciding whether to impose a downward variance).

**B.    Fifth and Sixth Amendment**

Casimir also argues that the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on the prior drug trafficking conviction, which was not charged in the indictment or proven to a jury.[3]  As Casimir acknowledges, his argument is foreclosed by binding precedent. See Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998); United States v. Greer, 440 F.3d 1267, 1274-75 (11th Cir. 2006).  We also note that Casimir not only failed to object to the portion of the PSI setting forth his prior drug trafficking conviction, but also expressly admitted the conviction at the sentencing hearing.  See Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) (noting that sentencing courts may enhance a sentence based on facts admitted by the defendant); United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (stating that the failure to object to the PSI constitutes an admission of the facts contained in the PSI).  Consequently, the district court did not err, much less plainly err, in enhancing Casimir's sentence based on the prior drug trafficking conviction.

**AFFIRMED.**

---

[3]Because Casimir failed to raise this constitutional challenge to his sentence in the district court, we review only for plain error.  United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005).