[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2012
JOHN LEY
CLERK

No. 11-12326
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20613-KMM-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YUNIER PEREZ CRUZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2012)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Yunier Perez Cruz appeals his concurrent 192-month sentences, imposed after he pleaded guilty to eight counts of conspiracy to import, importation, and possession with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 963. The Guidelines range for his offenses was 188 to 235 months. Cruz asserts that his sentences are substantively unreasonable because the district court did not vary downward from the guidelines range. Cruz argues that such a downward variance would have been appropriate because (1) Cruz's co-defendants received lower sentences than he, even though they were more culpable for the conspiracy, and (2) Cruz's criminal history was over-represented. After review of the record and the briefs, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "Ordinarily, a district court's refusal to grant a downward departure is unreviewable on appeal. Such refusals are reviewable, however, if the district court refused a downward departure because of an erroneous belief that it lacked the authority to grant one." *United States v. Ortega*, 358 F.3d 1278, 1279 (11th Cir. 2003) (per curiam) (citations omitted).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. If

2

the sentence is procedurally reasonable, we inquire whether the sentence is substantively reasonable based on the totality of the circumstances, including whether the 18 U.S.C. § 3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir. 2008) (per curiam). Generally, we do not second guess the weight the district court gave a certain factor. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 2962 (2011). Ordinarily, we expect a sentence within the Guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Cruz argues first that his sentences are substantively unreasonable because they are higher than his co-conspirators, including those with leadership roles in the scheme. The district court acknowledged this disparity, but found that Cruz's higher sentences were merited due to his criminal history. Cruz next argues that although his criminal history is technically correct, it was over-represented because two of his convictions relating to domestic abuse were closely related, involving the same victim (his wife) and occurring within a two-month period. Cruz asserts that the district court should thus have granted a downward departure. The district court rejected Cruz's request for a downward departure at sentencing, explaining that the fact that there were *two* offenses, both of which occurred after

3

Cruz's wife had obtained a restraining order against him, demonstrated that Cruz "just didn't seem to get the message." The district court concluded that "considerations of respect for the law and deterrence" justified Cruz's sentence.

Because Cruz makes no assertion that the district court erroneously believed that it lacked the ability to grant a downward departure, we decline to review the district court's decision to deny the requested downward departure. Regarding the substantive reasonableness of his sentences,[1] Cruz has not adduced any facts that establish that the court failed to properly consider the § 3553(a) factors. Upon review of the record, we find no abuse of discretion by the district court in imposing Cruz's 192-month sentences, which were near the bottom of the guidelines range for his offense.

**AFFIRMED.**

---

[1] Cruz makes no argument that his sentences were procedurally unreasonable.