[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2012
JOHN LEY
CLERK

No. 11-13229
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00007-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS JUAREZ-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 2, 2012)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Carlos Juarez-Martinez ("Juarez") appeals his 57-month sentence for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Juarez contends that his sentence is substantively unreasonable. After review, we affirm.

We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1] "In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Here, Juarez has not shown that his 57-month sentence, at the low end of the advisory guidelines range of 57 to 71 months, is substantively unreasonable.

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Juarez was removed from the United States to Mexico in 1997. In 2002, Juarez was convicted of disorderly conduct in Atlanta, Georgia. In 2006, Juarez was convicted of trafficking in methamphetamine and cocaine in Gwinnett County, Georgia. In December 2008, after serving two years of his ten-year sentence for the 2006 drug trafficking conviction, Juarez was removed to Mexico.

By August 2009, Juarez was back in Georgia and under arrest for, among other things, affray. Juarez quickly accumulated convictions in Georgia, including: (1) a 2009 conviction for giving a false name to an officer, affray and obstructing an officer; (2) September 16, 2010 convictions for operating a vehicle without a tag, possession of more than one license, and having an open container; (3) September 29, 2010 convictions for driving without a license or insurance and obstructing an officer; (4) a September 30, 2010 conviction for failing to appear; and, most seriously, (4) a January 3, 2011 conviction for residential burglary.

In denying Juarez's request for a downward variance from the advisory guidelines range, the district court stressed the defendant's conduct since his 2008 removal, especially his recent burglary conviction. Given that a two-year sentence did not deter Juarez from illegally reentering the United States and committing more crimes here, we cannot say the district court abused its discretion in imposing a 57-month sentence at the low end of the advisory guidelines range.

3

Juarez argues that he should have received a lower sentence because his 2006 drug trafficking conviction "severely enhanced" both his offense level and his criminal history score, resulting in a much higher advisory guidelines range. See U.S.S.G. § 2L1.2(b)(1)(A)(i) (increasing a defendant's offense level by sixteen if he was previously deported after a felony drug trafficking conviction). Our reasonableness review, however, applies only to the defendant's ultimate sentence, not to "each individual decision made during the sentencing process." United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). At sentencing, Juarez conceded that § 2L1.2(b)(1)(A)(i) correctly applied, and Juarez does not argue that his sentence is procedurally unreasonable in this Court.

Furthermore, the Sentencing Commission intended for qualifying prior felonies to increase both the defendant's criminal history score and his offense level. See U.S.S.G. § 2L1.2, cmt. n.6. The increased criminal history category serves "to punish likely recidivists more severely" while § 2L1.2(b)(1)(A)'s sixteen-level enhancement is "designed to deter aliens who have been convicted of a felony from re-entering the United States." United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (concluding that application of § 2L1.2(b)(1)(A)'s sixteen-level enhancement is not double-counting that results in an unreasonable sentence). The graduated sentencing scheme of § 2L1.2 also reflects the

4

Sentencing Commission's judgment that, while it is "not fair for someone convicted of simple assault to receive the same increase as someone convicted of murder, . . . a drug trafficking crime for which the sentence exceeded thirteen months was serious enough to warrant a sixteen level enhancement." United States v. Ortega, 358 F.3d 1278, 1280 (11th Cir. 2003). Thus, the district court's admittedly correct application of U.S.S.G. § 2L1.2(b)(1)(A)(i) did not render Juarez's low-end guidelines sentence substantively unreasonable.

The record belies Juarez's claim that the district court did not consider his personal and family history, including the fact that he would not receive credit for the time he spent in immigration custody. The district court listened to and considered these mitigation arguments and found that they were insufficient to warrant a downward variance in light of his criminal and immigration history.

Finally, Juarez cites several cases in which this Court affirmed larger downward variances than the one Juarez sought at sentencing. These cases do not support a finding of unreasonableness. Rather, they merely demonstrate the broad range of discretion a district court has in imposing a reasonable sentence.

**AFFIRMED.**