[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15237
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00304-CAP-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO MEDINA LOPEZ,
a.k.a. Julio Cesar Perez De La Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 6, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Fernando Medina Lopez appeals his 44-month sentence, imposed within the

applicable guideline range of 41 to 51 months' imprisonment, after pleading guilty

to illegally reentering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). For the reasons set forth below, we affirm.

I.

The record shows that Lopez, a citizen of Mexico, illegally entered the United States in 2000 on three separate occasions, but each time he encountered law enforcement agents and voluntarily returned to Mexico. Subsequently, Lopez again entered the United States illegally and, in 2006, was convicted in state court for marijuana trafficking after a police officer discovered 41 pounds of marijuana in the trunk of his car. Lopez was sentenced to 85 months in prison for that offense and was deported after being released on parole. In 2011, Immigration and Customs Enforcement ("ICE") officers discovered Lopez in a county jail, following his arrest for possession of marijuana with intent to distribute, and determined that he was in the country illegally, which led to the instant conviction.

In compiling the presentence investigation report, the probation officer calculated Lopez's guideline range and assigned him a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). The officer added 16 levels under § 2L1.2(b)(1)(A)(I) because Lopez was previously deported after being convicted of a drug trafficking offense for which the sentence exceeded 13 months. Lopez

2

qualified for a 3-level reduction under § 3E1.1 for acceptance of responsibility, yielding an offense level of 21. Based on Lopez's marijuana trafficking conviction, the probation officer assigned him 3 criminal history points and placed him into a criminal history category of II, which, combined with the offense level of 21, resulted in a guideline range of 41 to 51 months in prison.

At the sentencing hearing, Lopez requested a sentence of 18 months, emphasizing the fact that his guideline range was dramatically increased solely because of his one prior conviction. However, the district court sentenced Lopez to 44 months in prison, explaining that he was previously convicted of a serious drug offense, that he had been deported multiple times, and that he lacked a verifiable work history while in the United States. The court stated that it had considered the § 3553(a) factors and was "particularly focused on deterrence," given that the previous 85-month sentence failed to deter him. On appeal, Lopez argues that his sentence was substantively unreasonable.

## II.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the

statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).[1] We do not apply "a presumption of reasonableness" to sentences within the guideline range. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir.), *cert. denied*, 131 S.Ct. 643 (2010). However, we will "ordinarily expect" a within-guideline sentence to be reasonable, and will only remand for resentencing if the district court committed a "clear error of judgment" in weighing the § 3553(a) factors. *Gonzalez*, 550 F.3d at 1324 (quotation omitted).

In this case, the district court's sentence of 44 months in prison fell near the low end of the guideline range of 41 to 51 months, and we would ordinarily expect such a sentence to be reasonable. *See id.* In addition, the sentence of 44 months (or 3.67 years) was well below the 20-year statutory maximum for Lopez's offense. *See* 8 U.S.C. § 1326(b)(2); *Gonzalez*, 550 F.3d at 1324 (concluding that the sentence was reasonable in part because it was well below the statutory

---

[1] Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's further crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered in imposing a sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the applicable guideline range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

maximum).

Lopez argues that his sentence was unreasonable because it was greater than necessary to achieve the sentencing goals of § 3553(a), thereby violating the "parsimony principle."[2] We disagree. In light of Lopez's prior conviction for marijuana trafficking, for which he received a sentence of 85 months, and his prior repeated illegal entries, the district court could reasonably determine that nothing less than 44 months would suffice to deter him from committing future crimes and that a within-guideline sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Notably, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Lopez also argues that the court failed to consider the sentencing disparity under § 3553(a)(6), given that his drug conviction was treated in the same way as much more serious offenses, such as murder or rape. However, the Sentencing

---

[2] We have previously disapproved of the term "parsimony principle," because that term does not accurately reflect the mandate of § 3553(a) that a proper sentence be both *sufficient* and not greater than necessary to achieve the goals of sentencing. *See United States v. Irey*, 612 F.3d 1160, 1196-97 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

Commission determined that a drug trafficking offense for which the sentence exceeded 13 months was "serious enough" to warrant a 16-level enhancement for illegal reentry. *United States v. Ortega*, 358 F.3d 1278, 1280 (11th Cir. 2003); *see* U.S.S.G. § 2L1.2(b)(1)(A)(I). We see no reason for rejecting the Sentencing Commission's determination.

Finally, Lopez contends that this Court has affirmed downward variances in other cases dealing with less compelling defendants charged with more serious crimes. While that may be so, such cases do not imply that a downward variance was warranted in this particular case, as the district court had broad discretion to impose an individualized sentence that lay within "the range of reasonable sentences dictated by the facts of the case." *Gonzalez*, 550 F.3d at 1324; *United States v. Shaw*, 560 F.3d 1230, 1241 (11th Cir. 2009) (stating that this Court's affirmance of lesser variances in other cases did not warrant a reversal of a greater variance in the instant case).

In sum, the district court did not commit a clear error of judgment in determining that the § 3553(a) factors warranted a within-guideline sentence of 44 months. *See* 18 U.S.C. § 3553(a)(1)-(2); *Clay*, 483 F.3d at 743. Because Lopez's sentence was substantively reasonable, we affirm.

**AFFIRMED.**

6