[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15941
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00586-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ALLEN LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 18, 2017)

Before TJOFLAT, HULL, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Robert Allen Lopez appeals his 60-month sentence, imposed after he pled guilty to conspiracy to commit Medicare fraud, an offense against the United States, in violation of 18 U.S.C. § 371. Lopez initially failed to report to pretrial services, an arrest warrant was issued, and the U.S. Marshal ultimately brought Lopez back from Nicaragua to the Southern District of Florida. Lopez contends that the district court procedurally erred by concluding that the conditions of his confinement in a Nicaraguan jail for five months while he awaited extradition to the United States were irrelevant to whether he received a downward variance or departure. He also argues that the district court precluded him from describing the conditions and duration of his confinement during sentencing.

When reviewing a sentence, we ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review *de novo* a claim that a district court erroneously believed it lacked the authority to depart. *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003). When nothing in the record indicates otherwise, we assume that the district court understood it had the authority to depart. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). But if "the district court's statements reflect an ambiguity concerning its ability to depart," we resolve the ambiguity in the defendant's favor. *United States v. Ortega*, 358 F.3d 1278, 1279 & n.3 (11th Cir. 2003).

If a district court does not find a basis for a sentencing variance, the court must impose a sentence within the guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a" different sentence. 18 U.S.C. § 3553(b)(1). A "district court may reduce a sentence to account for the harsh conditions of pretrial confinement." *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011); *see also Pressley*, 345 F.3d at 1218 (stating that harsh conditions of confinement may provide a basis for a departure).

Before imposing a sentence, a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). "The right of allocution provides a defendant an opportunity to plead personally to the court for leniency in his sentence by stating mitigating factors and to have that plea considered by the court in determining the appropriate sentence." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011) (quotation omitted).

Upon review of the record and consideration of the parties' briefs, we conclude that the district court committed no reversible error in sentencing Lopez.

During the sentencing hearing, the district court permitted Lopez to describe the conditions of his five months of confinement in the Nicaraguan jail. Lopez

spoke about how long he was confined, the conditions in which he lived, and the ways in which his confinement affected him.  Lopez's contention that the district court precluded him from presenting mitigating information is without merit.

We recognize that early on, the district court stated that the conditions of Lopez's confinement were "not relevant here."  But later on, the district court indicated that Lopez's confinement in the Nicaraguan jail could be considered and "that's a matter of judicial discretion" in sentencing.  The district court also made other statements that indicate it understood it had the authority to depart.  The district court also recognized the poor jail conditions in Nicaragua, stating: "Apparently, it's a terrible place."

The government, however, argued forcefully against a sentencing variance, emphasizing that Lopez had stolen once $2 million in Medicare funds, that he tried to steal over $4 million, and that he was in the Nicaraguan jail for only five months.  The government stressed that other cases with sentence reductions involved harsh confinement that lasted for years, not a matter of months.  *See Pressley*, 345 F.3d at 1218 (defendant had spent five years in a 23-hour lockdown).

Ultimately, the district court noted Lopez's "poor choice" of fleeing to Nicaragua, which turned out to be a "very, very bad place to end up in jail," was not outweighed by the seriousness of the substantial fraud Lopez committed and

4

the need to protect the public and others.  The court determined "in this case, the advisory guidelines [sentence] . . . is appropriate."

Considering the record as a whole, we conclude that Lopez has not carried his burden to show procedural error.  Thus, we affirm Lopez's 60-month sentence.

**AFFIRMED.**