[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10940
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2010
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80131-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO MARTINEZ-TREJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Eduardo Martinez-Trejo appeals his 70-month sentence imposed after he pled guilty to illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(2). After review, we affirm.

## I. BACKGROUND

In 2002, Martinez-Trejo, a native and citizen of Mexico, was convicted of possession of cocaine while living in the United States. In 2004, Martinez-Trejo was convicted of aggravated assault on a police officer and fleeing and eluding at high speed. He was deported in 2006, following the latter convictions. On September 4, 2009, Martinez-Trejo was again arrested on state criminal charges in Palm Beach County, Florida. There was no record that either the Attorney General or the Secretary for Homeland Security had consented to Martinez-Trejo's re-entry into the United States.

Because Martinez-Trejo was not given permission to re-enter the United States, the government charged him with illegal reentry, in violation of 8 U.S.C. § 1326(a) & (b)(2), to which he pled guilty. Martinez-Trejo's presentence investigation report ("PSI") assigned a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a), and a 16-level increase for his previous deportation after his aggravated assault conviction, pursuant to U.S.S.G. § 2L1.2(b)(1)(A). After a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G.

§ 3E1.1, Martinez-Trejo's total offense level was 21. With a criminal history

category of V,[1] Martinez-Trejo's resulting advisory guidelines range was 70 to 87

months' imprisonment. Martinez-Trejo did not object to the PSI's factual

statements or guidelines calculations.[2]

At sentencing, the parties agreed on the advisory guidelines calculations and

that the resulting advisory guidelines range was 70 to 87 months' imprisonment.

Martinez-Trejo asked the district court for a downward variance to a 46-month

sentence. He admitted his aggravated assault conviction was a crime of violence,

thereby putting him within the operation of the 16-level increase under

§ 2L1.2(b)(1)(A). However, Martinez-Trejo argued that the nature of that offense

(he struck an officer's patrol car not intentionally but while driving recklessly)

was not as serious as burglary or murder and thus the sentencing range resulting

from the full 16-level increase was unreasonably high. He further contended that

the 16-level increase was meant to apply to prior convictions such as burglary or

---

[1]Martinez-Trejo's criminal history points came from: (1) his 2002 convictions for cocaine possession; (2) a 2002 conviction for grand theft; (3) another 2002 conviction for possession of cocaine and other controlled substances; (4) his 2004 convictions for aggravated assault and fleeing and eluding at high speed; and (5) his 2009 convictions for possession of cocaine and other offenses.

[2]Martinez-Trejo initially objected to two of his criminal-history points, claiming that the instant offense occurred more than two years from his release from custody. He dropped this objection at sentencing.

murder, not a relatively insignificant offense like his. Martinez-Trejo contended that a 46-month sentence (which would be a low end of the guidelines sentence had he received a 12-level, instead of a 16-level, increase) was reasonable.[3]

The government opposed Martinez-Trejo's request for a variance. The government referred to Martinez-Trejo's criminal record and stated that he "seems to have a pension [sic] for narcotics. But more importantly, it seems that he likes to drive cars in reckless manners." Referencing Martinez-Trejo's aggravated assault conviction, the government pointed out that Martinez-Trejo had recklessly driven his car at a high rate of speed at the police officer's car while the officer was inside. To avoid collision, the officer swerved out of his lane. Contrary to Martinez-Trejo's assertions, the government stressed "the potential for dangerous injury, for bodily injury was still there and apparent." Accordingly, the government asserted that a guidelines sentence was appropriate for Martinez-Trejo, and that he should be given a sentence in the middle-to-high end of the advisory guidelines range.

---

[3]Martinez-Trejo asked for an additional variance because of the disparity of sentences between fast-track and non-fast-track districts, but conceded this Circuit's precedent foreclosed the district court from granting such a request. See United States v. Vega-Castillo, 540 F.3d 1235, 1238-39 (11th Cir. 2008), cert. denied, 129 S. Ct. 2825 (2009) (concluding that district courts are prohibited from considering the disparities created by "fast track" programs in deciding whether to impose a downward variance). This argument is raised, but not developed, in this appeal.

Before imposing a sentence, the district court rejected Martinez-Trejo's argument that it should vary from the advisory guidelines range:

> I don't see any basis for changing the guideline. This man's criminal record is atrocious . . . . In fact, after reading the PSI I debated about going up in the guideline. But 70 months seems to be sufficient to get his attention. But I don't know -- these people come into this country and just commit all of these crimes and we see this day after day. They somehow have got to get the message that they just can't come in here and run wild.

The court stated that it had "considered the statements of all parties, the presentence report which contains the advisory guidelines and the statutory factors," and then imposed a 70-month sentence, with three years' supervised release.

## II. DISCUSSION

Martinez-Trejo argues that his 70-month sentence is unreasonable. We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. United

5

States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[4] We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, the district court did not commit any procedural sentencing error. The court explicitly stated that it "considered the statements of all parties, the presentence report which contains the advisory guidelines and the statutory factors." Under United States v. Smith, 568 F.3d 923 (11th Cir. 2009), "the district court must consider the § 3553(a) factors, [but] it commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." Id. at 927 (quotation marks omitted). The record adequately demonstrates that the district court did consider the § 3553(a) factors as to Martinez-Trejo. Moreover, the parties agree that the district court's advisory guidelines calculation was correct. Thus, the district court committed no procedural error.

_____

[4]The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Martinez-Trejo also has not shown that his 70-month sentence, at the low end of the advisory guidelines range, is substantively unreasonable. Contrary to his arguments, the district court did not place unwarranted emphasis on Martinez-Trejo's advisory guidelines range and criminal history. By considering Martinez-Trejo's "atrocious" criminal history, the district court properly considered the history and characteristics of the defendant.

Martinez-Trejo alleges that the district court's comment about sending a message to illegal immigrants demonstrates reliance on an impermissible "non-factor." We disagree because that comment in context is fairly characterized as discussing the § 3553(a) factors of the needs for deterrence, to promote respect for the law and to protect the public from further crimes.

We also reject Martinez-Trejo's argument that the application of the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A) created an unwarranted sentencing disparity. Specifically, Martinez-Trejo asserts that his aggravated assault conviction is not the kind of violent crime that the authors of the guidelines had in mind when they created the 16-level increase. This argument is wholly unpersuasive. Section 2L1.2(b)(1)(A) takes into account differences between prior convictions by placing them along "a graduated sentencing enhancement scheme." United States v. Ortega, 358 F.3d 1278, 1280 (11th Cir. 2003) (citing

U.S.S.G. app. C, amend. 632); see also U.S.S.G. § 2L1.2(b)(1)(A)-(E) (providing for enhancements ranging from 4 to 16 levels depending upon the type of prior conviction). The Sentencing Commission also determined that a prior conviction for a violent crime warranted a 16-level enhancement. U.S.S.G. § 2L1.2(b)(1)(a)(ii). The conduct underlying Martinez-Trejo's aggravated assault conviction involved his driving his car recklessly toward a law enforcement officer's car at a high rate of speed, thereby endangering that officer's safety. Thus, we cannot say the 16-level enhancement for Martinez-Trejo's aggravated assault conviction created an "unwarranted" sentencing disparity requiring a downward variance.

Martinez-Trejo also contends that U.S.S.G. § 2L1.2 is inherently unreasonable in that it double counts criminal history. Specifically, he says that his sentence was unreasonable because his prior conviction was used both to determine his offense level under U.S.S.G. § 2L1.2(b)(1)(A) and his criminal history category under U.S.S.G. § 4A1.1. However, the Sentencing Commission intended prior felony convictions to count in determining both the criminal history category and the offense level under § 2L1.2. See U.S.S.G. § 2L1.2 cmt. n.6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points . . . .").

8

Further, these two guidelines provisions serve different purposes. United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992) (explaining that the criminal history category serves "to punish likely recidivists more severely," and § 2L1.2(b)(1)(A) serves "to deter aliens who have been convicted of a felony from re-entering the United States"). In this case, both of these purposes are served by the district court's using the aggravated assault conviction to calculate both Martinez-Trejo's criminal history and his offense level. As a result, the district court's use of Martinez-Trejo's aggravated assault conviction to compute his criminal history score and his offense level did not render his sentence substantively unreasonable.

Given Martinez-Trejo's criminal history and the nature of his underlying offense, and the fact that he was sentenced at the low end of the advisory guidelines range, we cannot say that the district court abused its discretion by imposing the 70-month sentence, or that the sentence is procedurally or substantively unreasonable.

**AFFIRMED.**